MICHAEL H. HAGERTY and JAMES RORKE, Executors, ETC., of BERNARD B. HAGERTY, Deceased, Respondents, v. ANNIE J. HAGERTY, Appellant.

9h    175
39 Mis¹413

*Will — Trusts — what authorized as to real estate — what as to personal estate — Guardianship.*

A testator, by his will, devised all his property, both real and personal, to his wife, "in trust, nevertheless, for any child or children of mine living at the time of my decease, under age." *Held,* (1) that the trust as to the real estate was unauthorized by the Revised Statutes, and therefore void; (2) that as to the personal estate, a valid trust was created, whereby each child was to receive the income thereof during his or her minority, and the principal thereof upon attaining the age of twenty-one years.

The will proceeded: "My will is, and I appoint that my beloved wife shall have the guardianship, custody and tuition of them (the children) during their minority." *Held,* that the wife was thereby appointed guardian both of the estate and the persons of the children.

APPEAL from a judgment entered upon the trial of this action by the court without a jury.

The action was brought to obtain a judicial construction of the last will and testament of Bernard B. Hagerty, deceased.

*Philip S. Crooke,* for the appellant.

*A. P. Whitehead,* for the respondents.

DYKMAN, J.:

This action is brought to obtain a judicial construction of the last will and testament of Bernard B. Hagerty. The following is the portion of the will which creates the uncertainty, and gives rise to the embarrassment: "I give, devise and bequeath all my property, both real and personal, to my beloved wife, Annie J. Hagerty, in trust nevertheless for any child or children of mine living at the time of my decease, under age." The testator had several children at the time of his decease, and he had a posthumous child born afterwards. All these children were minors.

It was doubtless the intention of this testator to create a trust in favor of his minor children, which would redound to their benefit

during their minority, and the question to be determined is, whether his intention in that respect can be carried into practical effect. It will be convenient first to examine the question in respect to the real property.

The purposes for which express trusts can be created in this State are specifically prescribed by our statute. These purposes are, to sell lands for the benefit of creditors; mortgage or lease lands for the benefit of legatees or for the purpose of satisfying any charge thereon; to receive the rents and profits of lands and apply them to the use of any person, during the life of such person or for any shorter time, and to receive the rents and profits of lands and to accumulate the same for certain purposes and within certain limits, which are immaterial here. (1 R. S., 728, § 55.)

By comparing this provision of the statute with the portion of the will above set out, it will be seen that the will prescribes no purpose for which the trust is created, which is recognized by the statute. In fact the difficulty with the provision is that it prescribes no purpose at all for which the trust is created. The simple provision is, that the property is given to the wife, in trust for the children. She is not empowered to receive the rents and profits and therefore no estate is vested in her in the lands. (1 R. S. [1st ed.], 729, § 56.) There is no provision of our statutes that will validate this trust, and all trusts not authorized by them are abolished; we have no alternative then, but to hold this to be a void trust, so far as it relates to the testator's real estate.

Neither is it valid as a power in trust, because the lands are neither to be sold nor mortgaged. No power of disposition or management is given at all. So far as the testator's real property is concerned, therefore, he must be held to have died intestate, and of course it descends to his children as his heirs at law, subject to his widow's right of dower; the posthumous child inherits the same as the other children. (1 R. S., 754, § 18.)

In its relation to the personal property of the testator, the trust created by this will does not encounter the same difficulty. Our statutes have not attempted to define the objects for which trusts relating to personal property may be created. In fact, it would be very difficult if not impracticable to do so, for they enter largely into the business affairs of every day life. As trade and commerce

increase, and the transactions in each become more and more complicated, trusts spring up and are created in a great variety of ways. They may be created for any purpose which is not illegal, and future and contingent interests in personal property are best preserved and managed by the creation of a trust.

Here the intention of the testator is clear, and the purpose is not only legal but commendable. The personal property is given to the wife in trust for the children; under this trust the wife must hold the personal property for the children. The property is vested in them, but a trustee is interposed between them and its full enjoyment, during their minority, for the purpose of applying the income arising therefrom to their benefit, and paying the full share of each one over on their attaining the age of twenty-one years, respectively.

Our statute provides that the absolute ownership of personal property shall not be suspended by will for a longer period than two lives in being at the death of the testator, but this will does not trench at all upon that provision. Here the interest of each child is vested in its portion of this personal property, and will be entitled to receive it on attaining its majority, and if any child dies during minority, its share will go to the next of kin.

This trust in relation to the personal property must, therefore, be established and carried into effect, and the widow of the testator must receive the personal property from the executors in the due course of administration, and hold the same in trust for the children.

Another question presented is, whether under the provisions of this will the widow of the testator becomes the guardian of the estates as well as of the persons of these infant children. The portion of the will which controls this question is as follows: " My will is and I appoint that my beloved wife shall have the guardianship, custody and tuition of them during their minority."

The law on this subject is embodied in our statutes, and is as follows: " Every father, whether of full age or a minor, of a child likely to be born, or of any living child under the age of twenty-one years and unmarried, may by his deed or last will duly executed " " dispose of the custody and tuition of such child during its minority or for any less time, to any person or persons in possession or remainder." (3 R. S. [6th ed.], p. 167, § 1.) Again: " Any person to whom

the custody of any minor is so disposed of, may take the custody and tuition of such minor, and may maintain all proper actions for the wrongful taking or detention of the minor, and shall recover damages in such action for the benefit of his ward. He shall also take the custody and management of the personal estate of such minor, and the profits of his real estate during the time for which such disposition shall have been made, and may bring such actions in relation thereto as a guardian in socage might by law." (Id., § 3.)

The testator gives to his wife the guardianship, custody and tuition of these children, and thus brings them directly within these statutes. It is clear, therefore, that she is constituted a guardian of both the persons and estates of the children during their minority, subject to all the rights, duties and obligations which grow out of that relation.

We think the cause was properly disposed of at the Special Term, and the judgment must be affirmed.

Present — PRATT and DYKMAN, JJ. BARNARD, P. J., not sitting.

Judgment affirmed.